Filed 3/25/22  P. v. Allen CA1/5
Opinion following transfer from Supreme Court

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DONISHA ALLEN,<br><br>    Defendant and Appellant. | A158267<br><br>(Alameda County<br>Super. Ct. No. 171681A) |

Appellant Donisha Allen filed a petition for resentencing under Penal Code 1170.95,[1] which was denied on the grounds that she was not entitled to relief because she was convicted of attempted murder rather than murder.  The Legislature subsequently clarified that persons convicted of attempted murder are entitled to seek resentencing under the statute.  We reverse the trial court's order finding that appellant had failed to make a prima facie case for relief under section 1170.95 and remand the matter to the trial court for an evidentiary hearing.

### I.  BACKGROUND

---

[1]     Further statutory references are to the Penal Code unless otherwise noted.

1

On August 25, 2012, appellant fought with her neighbor Demetria Spears over some bad marijuana. Later that evening, while in a group helping a friend to move out of her apartment, the two women fought again. Appellant's husband Larry Alford became involved in the altercation and was beaten by some male friends of Spears. He went back to his apartment and returned with a rifle or shotgun, which he then fired three times. He killed Spears and blinded a man named Dubose in the left eye. Before the shots were fired, appellate either said, "Let it go!" or "Light it off," or "let the motherfucker go." When interviewed later by the police, appellant admitted saying something like "get 'em" or "fuck 'em up," but she didn't mean for her husband to kill anyone.

Appellant was charged with one count of murder and one count of attempted murder, along with allegations she was vicariously armed with a firearm. (§§ 187, subd. (a), 187, subd. (a)/664, 12022, subd. (a)(1).) In 2014, she pled guilty to one count of attempted murder, admitted an arming allegation and received a sentence of ten years.

While she was serving this term, the Legislature enacted Senate Bill 1437 (Stats. 2018, ch. 1015), which made certain changes to murder liability for aiders and abettors and provided a procedure under section 1170.95 for obtaining recall and resentencing for "[a] person convicted of felony murder or murder under a natural and probable consequences theory." Section 1170.95 provides that a defendant entitled to relief under its provisions may file a petition and, if a prima facie case for relief

2

is stated, is entitled to an order to show cause and an evidentiary hearing. (§ 1170.95, subs. (c) & (d)(1).) Appellant filed a petition pursuant to newly-enacted section 1170.95.

The trial court appointed counsel to represent petitioner, but determined after briefing that no prima facie case for relief had been made under section 1170.95, subdivision (c) because appellant had been convicted of attempted murder rather than murder, and section 1170.95 applied only to murder convictions. The court therefore denied appellant's request for an evidentiary hearing under section 1170.95, subdivision (d). We affirmed this order in a March 2020 unpublished opinion. (*People v. Allen* (March 25, 2020, A158267) [nonpub. opn.].)

Appellant petitioned for review in the California Supreme Court, which granted review and held the case along with other cases considering whether and to what extent Senate Bill 1437 (including the petitioning procedure of section 1170.95) applied to attempted murder. While the matter was pending, the Governor signed into law Senate Bill No. 775, which amended section 1170.95 to clarify that eligibility to seek resentencing extended to persons convicted of attempted murder. (Stats. 2021, ch. 551.)

On February 16, 2022, the California Supreme Court transferred the case back to this Court with directions to vacate our prior decision and reconsider the matter in light of Senate Bill 775. (*People v. Allen* (Feb. 22, 2022, S262471).) The parties submitted supplemental briefing in which they agree that the matter must be remanded. We agree with the parties and accordingly reverse and remand for further proceedings.

## II. DISCUSSION

As amended, section 1170.95 applies to attempted murders based on the natural and probable consequences doctrine. (§ 1170.95, subd. (a) ["A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition"].)  Although a defendant can still be convicted of attempted murder under a theory of direct aiding and abetting (*People v. Sanchez* (2022) 75 Cal.App.5th 191, 197), as the Attorney General points out, appellant pled guilty and there is "dearth of record evidence over the basis for the 2014 guilty plea."

Because the record of conviction does not demonstrate as a matter of law that appellant was ineligible for relief (cf. *People v. Mancilla* (2021) 67 Cal.App.5th 854, 866–867), i.e., that she was convicted of attempted murder under a theory of direct aiding and abetting, appellant stated a prima facie case under section 1170.95, subdivision (c).  Thus, she should have been granted an evidentiary hearing under section 1170.95, subdivision (d) to determine whether she is entitled to relief under the statute's provisions.

## III, DISPOSITION

The trial court's order denying appellant's  section 1170.95 petition is reversed.  The case is remanded to the trial court with instructions to issue an order to show cause and hold an evidentiary hearing under section 1170.95, subdivision (d)(1).

_____

NEEDHAM, J.

We concur.


_____

JACKSON, P.J.


_____

SIMONS, J.


_People v. Allen_ / A158267

5